IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 1:18cr40-HSO-RHW-1 |
| | § | |
| MARIO ROBERTO MONSON | § | |

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT MARIO ROBERTO MONSON'S MOTION [57] FOR COMPASSIONATE RELEASE OR FOR SENTENCE EXPUNGEMENT

Defendant Mario Roberto Monson has filed a Motion [57] requesting compassionate release under 18 U.S.C. § 3582(c) or sentence expungement. For the reasons that follow, the Motion [57] for Compassionate Release should be denied without prejudice for failure to exhaust administrative remedies. The request for sentence expungement should be denied.

I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on August 15, 2018, Defendant Mario Roberto Monson ("Defendant" or "Monson") pleaded guilty to Count 3 of the Indictment [3] in this case, which charged that on or about October 13, 2016, he,

> aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as prohibited by Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Indictment [3] at 1-2.

On November 15, 2018, the Court sentenced Monson to a 160-month term of imprisonment as to Count 3, *see* J. [34] at 2, and imposed a three-year term of supervised release, *see id.* at 3.  Monson is presently incarcerated at Federal Correctional Institution ("FCI") Talladega in Talladega, Alabama, and his projected release date is October 5, 2029.  *See* Mot. [57] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 10/05/2029" for Mario Roberto Monson, Register Number: 20845-043) (last visited Mar. 9, 2026). Monson has served approximately 73% of his sentence of incarceration.  *See* J. [34] at 2.

Starting in June 2019, Monson filed three previous Motions [37], [41], [42] for reduction of sentence or compassionate release, *see* Mots. [37], [41], [42], which the Court denied, *see* Order [39]; Order [52]; Feb. 3, 2020, Text Order.  He has now filed another Motion [57] seeking a sentence reduction and compassionate release or for sentence expungement.  *See* Mot. [57].  Plaintiff cites "the sentence disparity and disproportionality of [his] sentence compared to other sentences with comparable conduct, caused by a fundamentally flawed sentencing guidelines . . . ." *Id.* at 1.  He also refers to purported Fifth and Eighth Amendment violations based on alleged double jeopardy.  *See id.* at 2.

The Government opposes the Motion [57], arguing that it should be denied without prejudice because Monson has failed to exhaust administrative remedies. *See* Resp. [58] at 5-6.  In the event the Court reaches the merits, the Government

takes the position that the Motion [57] should be denied because Monson has not demonstrated any extraordinary and compelling reasons warranting a sentence reduction.  *See id.* at 6-8.  Specifically, the Government contends that Monson's sentence is not disproportionately long compared to similarly-situated defendants, and his collateral attack upon the validity of his sentence is a backdoor attempt at a 28 U.S.C. § 2255 motion, which is unauthorized and untimely.  *See id.*  Moreover, the 18 U.S.C. § 3553(a) factors weigh against Monson's release.  *See id.* at 8-14.

## II.  DISCUSSION

A.   Relevant Legal Authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>     (i) extraordinary and compelling reasons warrant such a reduction . . . .

3

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 467 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "A defendant may raise such a motion only if he has exhausted his administrative rights to appeal the BOP's failure to bring such a motion or has waited 30 days after the warden's receipt of the request, whichever is earlier." *United States v. Cooper,* 996 F.3d 283, 287 n.3 (5th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Although the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory. *See Franco*, 973 F.3d at 567.

B. <u>Whether Monson Exhausted Administrative Remedies</u>

Monson has not alleged or presented any evidence that he exhausted his administrative remedies prior to filing this Motion. Mot. [57] at 17. In contrast, the Government argues that Monson has not done so, and it has submitted evidence from the Bureau of Prisons that Monson has not filed any request for administrative remedy since 2022. *See* Ex. [58-1] at 2-3. Monson has not filed a Reply or otherwise offered any evidence to dispute the Government's position.

Simply put, Monson has not shown that he ever requested the BOP bring a motion on his behalf, which is the first step to exhaustion. *See Franco*, 973 F.3d at 567. Nor is there is any indication in the record that Monson "fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A).  Because Monson has not demonstrated that he exhausted his administrative remedies, which is a mandatory procedural requirement prior to seeking compassionate release in this Court, *see id.*; *Franco*, 973 F.3d at 567, his Motion [57] should be denied for failure to exhaust, *see* 18 U.S.C. § 3582(c)(1)(A).

C.     Monson's Request for Expungement and Attack on His Conviction

Monson also requests expungement of his sentence, but he cites no authority that would allow such relief in this case.  *See* Mot. [57].  The Fifth Circuit has held that a district court lacks authority to order expungement in a case "in which the validity of the original conviction is unquestioned." *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986).  It has "recognized only two contexts in which federal courts have jurisdiction to order a defendant's records expunged: (1) where the defendant has a specific statutory right to expungement, and (2) where the record retention constitutes an affirmative violation of his constitutional rights." *United States v. Corkern*, No. 24-60189, 2024 WL 5199332, at *2 (5th Cir. Dec. 23, 2024) (per curiam).  Monson has shown neither here; his request for expungement is essentially an unauthorized collateral attack on his sentence.

To the extent that Monson's Motion [57] attempts to attack the legality or duration of his sentence or the legality of his confinement, his "claims are the province of direct appeal or a 28 U.S.C. § 2255 motion, not a compassionate release

5

motion." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). For such claims that "would have been cognizable under § 2255, they are not cognizable under § 3582(c)." *Id.*

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Mario Roberto Monson's Motion [57] for Compassionate Release is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. His request for sentence expungement is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE